# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

MISTY MILLER,
    Plaintiff,

vs().

MICHAEL J. ASTRUE, Commissioner of
the Social Security Administration,
    Defendant.

Case No. **09-CIV-329-RAW-KEW**

## ORDER

Before the court are the following: Plaintiff's Motion for Attorney's Fees Under 42 U.S.C. § 406(b) [Docket No. 26] and the Government's response [Docket No. 28]. The Defendant "declines to assert a position" on these requests, "as he is not the true party in interest."

On September 10, 2010, this court rendered a final judgment remanding the Plaintiff's case for further proceedings. The Commissioner issued a fully favorable decision, and a Notice of Award was issued on June 26, 2012.

In order to authorize payment of attorney fees pursuant to 42U.S.C. § 406(b), a court must act as an "independent check, to assure that they yield reasonable results in particular cases." McGraw v. Barnhart, 450 F.3d 493, 498 (10th Cir. 2006). A district court should determine the reasonableness and timeliness of the attorney fee request prior to awarding fees. Id., at 502 and 505. There is a limit, however, to the amount of fees that can be awarded pursuant to § 406(b): "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." Gisbrecht v. Barnhart, 122 S.Ct. 1817, 1828 (2002). The current request for attorney fees is less than 25%

of past-due benefits.

The Tenth Circuit Court of Appeals issued a ruling in Wrenn, ex rel. Wrenn v. Astrue, 525 F.3d 931 (10th Cir. 2008) which states that "the 25% limitation on fees for court representation found in § 406(b) is not itself limited by the amount of fees awarded by the Commissioner." Id., at 937. Thus, the combined attorney fees for representation before the Social Security Administration and on appeal to a district court are not limited to 25% of past-due benefits. After a review of the motion and supporting documents, the court finds that the fees requested are reasonable.

A motion for the award of attorney fees under § 406(b) should be filed within a "reasonable time of the Commissioner's decision awarding benefits." McGraw, at 505. There is no specific time frame for the filing of the motion. The instant motion was filed less than thirty days after the Notice of Award was issued. The court finds that the request for attorney fees was filed within a reasonable time.

The Motion for Award of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) [Docket No. 25] is **GRANTED**, and reasonable attorney's fees are approved in the amount of **$20,388.00.** Further, pursuant to Wrenn, counsel for Plaintiff is directed to refund the amount of the EAJA award to Plaintiff.

Dated this 15th day of August, 2012.

**Dated this 15th day of August, 2012.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

2